**WO**                                                                                                     MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

David Arenberg,                             )    No. CV 10-2228-PHX-MHM (MHB)
                                            )
            Plaintiff,                      )    **ORDER**
                                            )
vs.                                         )
                                            )
                                            )
Charles Ryan, et al.,                       )
                                            )
            Defendants.                     )
                                            )
_____        )

**I.     Background**

On October 19, 2010, Plaintiff David Arenberg, who is confined in the Arizona State Prison Complex -Florence in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed *In Forma Pauperis*, and a Motion for Preliminary Injunction.

In his Complaint, Plaintiff alleged that Defendant Ryan is responsible for executing and maintaining contracts with outside medical providers and that his failure to do so constitutes deliberate indifference; that Defendant Malcolm is responsible for scheduling and providing outside medical consultations, but acted with deliberate indifference by failing to schedule and provide an outside medical consultation for Plaintiff; that Defendant Taylor is responsible for ensuring that outside medical consultations are "made and kept" and was deliberately indifferent by failing to schedule and ensure Plaintiff's outside urology appointment; and that Defendant Taylor was deliberately indifferent in failing to timely

1    answer Plaintiff's grievance and Defendant Ryan was deliberately indifferent in failing to

2    answer Plaintiff's second-level grievance appeal.

3         In a November 3, 2010 Order, the Court granted Plaintiff *in forma pauperis* status and

4    dismissed without prejudice Plaintiff's claim against Defendant Malcolm, his claims against

5    Defendant Taylor, and his claim regarding Defendant Ryan's failure to respond to Plaintiff's

6    grievances.   The Court ordered Defendant Ryan to answer the portion of Plaintiff's

7    Complaint alleging that Defendant Ryan was deliberately indifferent in failing to maintain

8    contracts with outside medical providers and ordered Defendant Ryan to respond to

9    Plaintiff's Motion for Preliminary Injunction.[1]

10        On November 10, 2010, Plaintiff filed a Rule 59(e) Motion to Alter or Amend

11   Judgment (Doc. 8).

12   **II.    Discussion**

13        In his Motion, Plaintiff argues that the Court should reinstate his claims against

14   Defendants Malcolm and Taylor because the failure to schedule or provide outside medical

15   appointments constitutes deliberate indifference.   He also contends that the Court should

16   reinstate his claims against Defendants Ryan and Taylor regarding their failure to respond

17   or failure to timely respond to Plaintiff's grievances, asserting that the failure to respond to

18   medical grievances constitutes deliberate indifference.

19        **A.    Federal Rule of Civil Procedure Rule 59(e)**

20        Plaintiff cannot bring his motion pursuant to Rule 59(e) of the Federal Rules of Civil

21   Procedure because no judgment was entered and the Court's November 3, 2010 Order is not

22   an appealable interlocutory order. See Balla v. Idaho State Bd. of Corrections, 869 F.2d 461,

23   466 (9th Cir. 1989) (noting that Rule 59(e) only applies to final judgments and appealable

24   interlocutory orders); cf. Anderson v. Allstate Ins. Co., 630 F.2d 677, 680 (9th Cir. 1980)

25

26

27   [1]The Court directed the Clerk of Court to send Plaintiff a service packet, which
     Plaintiff returned on November 12, 2010.   The Clerk of Court, on November 15, 2010,

28   forwarded the service packet to the United States Marshal for service on Defendant Ryan.

1  ("Because the orders appealed from dismiss the action as to only some of the defendants, it

2  is clear that they were not final orders pursuant to 28 U.S.C. § 1291 at the time they were

3  entered. Moreover, plaintiffs did not obtain the interlocutory certificate required by Fed. R.

4  Civ. P. 54(b)."). However, the Court, in its discretion, will review Plaintiff's Motion as a

5  motion for reconsideration pursuant to Local Rule of Civil Procedure 7.2(g).

6  **B.    Motion for Reconsideration**

7  "Motions to reconsider are appropriate only in rare circumstances." Defenders of

8  Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "The purpose of a motion

9  for reconsideration is to correct manifest errors of law or fact or to present newly discovered

10  evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Such motions

11  should not be used for the purpose of asking a court "'to rethink what the court had already

12  thought through – rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351

13  (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.

14  1983)).

15  The Court has reviewed the Complaint, the November 3rd Order, and Plaintiff's

16  Motion. Thee Court finds no basis to reconsider its decision. Thus, the Court will deny

17  Plaintiff's Motion for Reconsideration.

18  Accordingly,

19  **IT IS ORDERED** that Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment

20  (Doc. 8) is **denied**.

21  DATED this 22nd day of November, 2010.

Mary H. Murguia
United States District Judge

- 3 -