1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

10  **DAVID ARENBERG,**                    )
                                           )
11                        **Plaintiff,**   )     **2:10-cv-02228 JWS**
                                           )
12           **vs.**                       )     **ORDER AND OPINION**
                                           )
13  **CHARLES L. RYAN, *et al*.,**         )     **[Re: Motion at docket 163]**
                                           )
14                                         )
                                           )
15                        **Defendants.**  )
                                           )
16

17

### I.  MOTION PRESENTED

18       At docket 163, plaintiff David Arenberg ("Arenberg") moves to exclude evidence

19  of or reference to the cancellation and amendment of Arizona Department of

20  Corrections ("ADC") contracts relating to health services to inmates.  The remaining

21  defendants, Charles L. Ryan ("Ryan"), Richard Rowe ("Rowe"), and James Taylor

22  ("Taylor") (collectively "Defendants") oppose the motion in their response at docket 172.

23  Arenberg replies at docket 175.  Oral argument would not assist the court.

24

25                        ### II.  BACKGROUND

26       The court's order at docket 117 lays out in considerable detail the background of

27  this lawsuit.  The parties are familiar with that background, and it need not be repeated

28

here.  Readers unfamiliar with the background may wish to read the order at docket 117

which, among other things, noted that Arenberg's Eight Amendment claims would

depend on whether or not he could prove that any of the Defendants were deliberately

indifferent to his admittedly serious medical need.[1]  Background especially pertinent to

the pending motion is also discussed in the next section of this order.

### III.  DISCUSSION

Arenberg argues that his request to preclude the evidence should be granted

either pursuant to Fed. R. Evid. 403 because its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues and potential to

mislead the jury, or because Defendants have admitted that the contract cancellations

and amendments did not cause the delay in providing medical care.

With respect to the motion at bar, it is only Arenberg's remaining claim against

Ryan which is pertinent, for his claims against Rowe and Taylor are not directly

implicated by the argument over ADC contract cancellations and amendments.  In its

earlier order, the court carefully reviewed Arenberg's claims against Ryan and held that

Ryan might be liable to Arenberg based on the following analysis:

> The evidence shows that ADC did not enter into new contracts for
> inpatient and outpatient medical services until late 2010–a year after the
> 2009 cancellations.  Ryan avers that immediately after the November
> 2009 contract cancellations, ADC entered into direct contracts for
> specialty services on an emergency basis and, in January 2010, ADC
> provided its facilities a list of specialty services on an emergency basis
> and, in January 2010, ADC provided its facilities a list of specialty
> providers willing to see inmates.  But Defendants do not proffer a copy of
> this list of providers or any of the direct contract information, and there is
> no explanation why Plaintiff was not seen by one of these providers.

---

[1]The order also dismissed Arenberg's claim against defendant Sandra Lawrence.

Because he was not seen by one of these providers, Plaintiff did not receive any specialist care following the October 14, 2009 consult request until he saw Dr. Kau on November 17, 2010.  The Court finds that there exists a material factual dispute whether Ryan's failure to maintain and/or timely obtain new contracts for outside medical providers caused the over one-year delay in necessary medical treatment for Plaintiff.[2]

Thus, the court has held that evidence of the role of ADC contract cancellations and amendments is central to the question of whether Ryan is liable to plaintiff.  Moreover, plaintiff himself framed his claim against Ryan as follows: "[Ryan's] failure to maintain an urology contract starting in November, 2009 through mid-2010 caused plaintiff to have no access to needed medical care [which] constituted deliberate indifference to his serious medical needs. . . ."[3]  Thus, it is clear that evidence concerning the ADC contract cancellations and amendments is of critical importance to Arenberg's claim against Ryan and to Ryan's defense against that claim.  The court finds little or no danger of unfair prejudice, confusion of the issues, and potential to mislead the jury.  Arenberg's Rule 403 argument lacks merit.

In urging that Defendants have admitted that the contract cancellations and amendments did not play a role in the delay, Arenberg points to several matters.  First, he says that this "admission" may be found at pages 7 and 8 of the Defendants' Motion for Summary Judgment.[4]  The court has carefully reviewed those pages and cannot find any mention of the contract cancellations and amendments there.  Rather, those pages set out a chronology of the events and actions involved in Arenberg's care.  In his

---

[2]Doc. 117 at p. 18.

[3]First Amended Complaint, doc. 64 at p. 7.

[4]Doc. 101, copy also reproduced as doc. 163-1.

motion Arenberg suggests that what amounts to an admission respecting the contract cancellations and amendments are the references to notes indicating that Arenberg himself refused care.  Arenberg is surely not admitting that his own actions were solely responsible for the delay in his care.  The delay may, or may not, be attributable to Ryan's actions or inactions.

Next, Arenberg points to Taylor's response to Arenberg's Interrogatory No. 8.[5] Once again, the cited material contains no reference to any contract cancellation or amendment.  Moreover, even if it did, it is not an admission by defendant Ryan as to whom the contract cancellation and amendment issues are relevant.

Next, Arenberg points to Ryan's response to Arenberg's Second Supplemental Interrogatory No. 4.[6]  Ryan's response reads as follows: "I have been advised by ADC personnel that Plaintiff's initial consultation with Scottsdale Urologic Surgeons was scheduled for August 20, 2010.  That appointment was canceled by Scottsdale Urologic Surgeons because their doctor was out having his own surgery."[7]  Surely Arenberg is not conceding that Ryan is not liable because of the fact that the surgeon was not available when originally scheduled.  The court fails to see how this interrogatory answer eliminates the need to consider the contract cancellations and amendments in order to determine whether Ryan is liable to Arenberg.

---

[5]A copy is reproduced at docket 163-2.

[6]A copy is reproduced at docket 163-3.

[7]*Id.* at p. 3.

Finally, Arenberg cites Ryan's response to Arenberg's Second Supplemental Interrogatory No. 1.[8]  The substantive portion of Ryan's response reads as follows: "I have been informed by ADC personnel that the [ADC] never had a formal contract with Scottsdale Urologic Surgeons.  ADC had a verbal agreement with Scottsdale Urologic Surgeons whereby they would treat ADC inmates at AJCCCS rates as required by Arizona law."[9]  The response does not establish that all other evidence relating to the contract cancellations and amendments should be foreclosed.

## IV.  CONCLUSION

For the reasons above, the motion at docket 163 is **DENIED**.  The court writes further to make clear that nothing in this order alters its earlier conclusion that Ryan may not be relieved from liability by virtue of legislative action bearing on the budget available for inmate care.  As pointed out in that earlier ruling, Ninth Circuit case law makes clear that Ryan may not escape liability on the basis that the denial of treatment was due to budgetary or administrative concerns.[10]  The question remains whether Ryan's alleged failure to maintain or obtain new contracts caused the lengthy delay in providing care to Arenberg.

DATED this 1st day of July 2013.

/S/
JOHN W. SEDICK
UNITED STATES DISTRICT JUDGE

---

[8]A copy is reproduced at docket 163-3.

[9]*Id.* at pp. 1-2.

[10]Doc. 117 at pp. 18-19.