UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID ARENBERG, ) | |
| ) | |
| Plaintiff, ) | 2:10-cv-2228 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| CHARLES L. RYAN, *et al.*, ) | [Re: Objections to Exhibits] |
| ) | |
| Defendants. ) | |
| ) | |

### I.  MATTERS PRESENTED

   A.  The Parties' Papers

Plaintiff's exhibit list is at docket 158.  Defendants' objections to plaintiff's exhibits are found at docket 170.  Plaintiff responds at docket 173.  Defendants' exhibit list is at docket 161.  Plaintiff's objections to defendants' exhibits are at docket 165.  Defendants have not filed a response.

### II.  RULINGS ON ADMISSION OF EXHIBITS

A. Exhibits Not Subject To An Objection

All exhibits listed on the parties' exhibit lists as to which no objection was taken are **ADMITTED**.

**B. Plaintiff's Exhibits**

The only exhibit to which defendants object is plaintiff's special action log. Defendants' objections are that it is irrelevant, lacks foundation, and is hearsay. The relevance objection lacks merit, and the foundation objection cannot be addressed at this time, for the foundation would need to be laid at trial before it could be admitted. However, the log raises a serious hearsay problem. It consists of plaintiff's declarations of facts made at a time other than during his testimony. If offered for the truth of those declarations, it would clearly be hearsay and inadmissable.[1]

Plaintiff would avoid the hearsay problem by agreeing that the log may not be offered for the truth of its contents. He argues that it should be admitted as evidence of defendant Ryan's and Rowe's habit of delaying or denying medical care under Fed. R. Evid. 406, or as an expression of a present physical condition which could be an exception to the exclusion as hearsay pursuant to Fed. R. Evid. 803.

Rule 406 is not recognized as an exception to Rule 802. It is not listed in Rule 803 as an exception, and plaintiff has makes no effort to show that his proferred habit evidence should be admitted under the residual exception under Fed. R. Evid. 807.

Admission of Exhibit 9 as a present sense impression would require that the exhibit be redacted so that it contains only statements relating to plaintiff's condition made "while or immediately after" the condition was experienced. Until it has a copy of a properly redacted Exhibit 9, the court cannot rule on the extent to which portions of

---

[1] Fed. R. Evid. 801 and 802.

Exhibit 9 might be admissible. It follows that the objection to Exhibit 9 will be sustained, but with leave to plaintiff to provide a redacted copy for consideration by the court.

**C. Defendants' Exhibits**

Plaintiff objects to defendants' Exhibits E and F. Defendants have not responded. Upon examination the objections appear to have merit for the reasons articulated by plaintiff at docket 165. It follows that the objections to Exhibits E and F will be sustained.

### III. CONCLUSION AND ORDER RESPECTING PROPOSED EXHIBIT 9-1

For the reasons above, the hearsay objection to plaintiff's Exhibit 9 is **SUSTAINED**, and the objections to defendants' Exhibits E and F are **SUSTAINED**. Exhibits 9, E, and F will not be admitted in evidence.

Within seven (7) days from the date of this order, plaintiff may serve and file a copy of a redacted log to be labeled "Exhibit 9-1," which contains only statements which plaintiff believes fall within the ambit of Fed. R. Evid. 803(1). Defendants may respond within four (4) business days after proposed Exhibit 9-1 is filed, and plaintiff may reply within three (3) business days after defendants' response is filed. The court will endeavor to promptly rule on the admissibility of proposed Exhibit 9-1 if it is timely filed, and will rule at the final pre-trial conference if not sooner.

DATED this 8th day of July 2013.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE