UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID ARENBERG,<br>  Plaintiff,<br>vs.<br>CHARLES L. RYAN, *et al.*,<br>  Defendants. | 2:10-cv-02228 JWS<br>ORDER AND OPINION<br>[Re: Motion at docket 185] |

At docket 185 plaintiff David Arenberg ("Arenberg") asks the court to reconsider its order at docket 182, which granted defendants' motion *in limine* at docket 156.

In reviewing Arenberg's request, this court is mindful of the teaching of the Ninth Circuit: "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[1]

Arenberg points to no change in controlling law. There is no newly discovered evidence referenced in his motion. He does not contend that the court's decision was manifestly unjust. Arenberg does contend that the court's decision was erroneous.

Upon examination of the order at docket 182, the court finds no clear error. References to the medical care, medical claims, and lawsuits involving medical issues pertaining to other inmates or plaintiff's own medical issues (if there are any) which are unrelated to his prostate care are not appropriate subjects of inquiry. Plaintiff complains

---

[1] *School Dist. No. 1J Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

that if the defendants present testimony that plaintiff's situation was an isolated instance, he should be able to attack such testimony on cross-examination by reference to the care provided in other circumstances.  First, if defendants were to offer such testimony it would violate the court's order at docket 182.  Second, if somehow defendants manage to present such testimony, then they would have opened the door to cross-examination by Arenberg, for they would have effectively undone the protection they sought in the motion at docket 156.

With the clarification stated above, the motion at docket 185 is DENIED.

DATED this 9th day of July 2013.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE