# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID ARENBERG, | |
| Plaintiff, | 2:10-cv-2228 JWS |
| vs. | ORDER AND OPINION |
| CHARLES L. RYAN, *et al.*, | [Re: Motions at docs. 214, 226 & 227] |
| Defendants. | |

## I. MOTIONS PRESENTED

At docket 214, plaintiff David Arenberg ("Arenberg") moves for an award of attorney's fees against defendant James Taylor ("Taylor"). The memorandum required by the local rules, which supports that motion, is at docket is at docket 232. That memorandum makes clear that Arenberg is also seeking an award of non-taxable costs. Taylor's response is at docket 233. Arenberg's reply is at docket 235.

At docket 226 defendants Ryan, Rowe, and Taylor moved for an award of costs as a sanction, and amended the motion at docket 227. Arenberg's response is included in the memorandum at docket 232. Defendants' reply is at docket 234.

Oral argument was not requested and would not be of assistance to the court.

## II.  BACKGROUND

When Arenberg commenced this action he was proceeding *pro se*.  The court screened his complaint pursuant to 28 U.S.C. § 1915A (a) and dismissed defendant Sharon Malcom in November of 2010.[1]  In his amended complaint at docket 64, Arenberg, still proceeding *pro se*, named Charles L. Ryan, Director of the Arizona Department of Corrections ("Department"); James Taylor, Regional Health Administrator of the Department's Northern Region; Richard Rowe, Medical Program Director for the Department; and Sandra Lawrence, a Corrections Officer IV employed by the Department, as defendants.  Defendants' motion for summary judgment was addressed in the court's order at docket 117, which provides considerable background information about this lawsuit.  In the order at docket 117, the court dismissed Arenberg's claim against Ryan in his official capacity, and it dismissed his claim against Lawrence.  The court allowed the individual capacity claims for compensatory damages and the punitive damages claims against Ryan, Rowe, and Taylor to proceed.  On November 15, 2012, five weeks after the order at docket 117 was filed, Nerner Hadous and David Ali Chami appeared as counsel for Arenberg.  Messrs. Hadous and Chami represented Arenberg in the final pre-trial preparations and at trial.

Before trial defendants made an offer of judgment pursuant to Fed. R. Civ. P. 68 in the amount of $20,000.  Arenberg rejected the offer on June 28, 2013.

---

[1] Order at doc. 6.  The screening order also dismissed Arenberg's claim against Taylor.  Thereafter, in her order at docket 17, Judge Murguia, to whom this case was originally assigned, vacated the dismissal of Taylor.

The case was tried to a jury for four days commencing on July 22, 2013. During the course of the trial, the court granted a defense motion to dismiss all claims against defendant Taylor and the punitive damage claims against defendants Rowe and Taylor, but allowed the compensatory damage claims against Rowe and Taylor to proceed for determination by the jury. The jury returned a verdict for Rowe, but found Taylor liable to Arenberg for compensatory damages in the amount of $3,000.

### III.  DISCUSSION

**A.  Motion at docket 226 as amended at docket 227**

On June 26, 2013, defendants Ryan, Rowe, and Taylor made an offer of judgment to Arenberg pursuant to Fed. R. Civ. P. 68. The offer was in the amount of $20,000. Arenberg rejected the offer. Defendants' motion is brought pursuant to Rule 68(d), which provides that when the judgment obtained by the party to whom the offer was made "is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."

The costs defendants seek consist of the $609.65 paid for transcripts of the trial testimony given by Rowe and Arenberg's witness, Kanter, a witness whose testimony was clearly important to Arenberg's case. Trial transcripts are treated by statute as recoverable costs when they are necessarily obtained for use in the case.[2] Given that the testimony of both Rowe and Kanter was important testimony whose review would aid defense counsel in preparing for Rule 50 motion practice and closing argument, the transcripts were necessarily requested for use in the case.

---

[2] 28 U.S.C. § 1920 (2).

3

Arenberg opposes the motion on the grounds that by the time the transcripts were ordered, the court had already dismissed Ryan. That is not a matter of any moment, because the transcripts were still significant to Rowe's defense. Arenberg also urges that his $3,000 recovery from Taylor was better than the $20,000 offer made on behalf of all three defendants. Whatever allocation one might make of the $20,000 as between the three defendants, it cannot be gainsaid that the result of the trial–dismissal of the claim against Ryan, a jury verdict in favor of Rowe, and a jury verdict against Taylor for only $3,000–was substantially less favorable to Arenberg than the $20,000 offer. The court will award defendants the sum of $609.65 for the cost of the transcripts.

**B. Motion at docket 214**

    **A. Introduction**

Arenberg's motion seeks an award of $4,500 in attorney's fees, plus $623.99 in non-taxable costs. Section 1988 of Title 42 of the United States Code provides that a party who prevails on a claim brought pursuant to 42 U.S.C. § 1983 may recover reasonable attorney's fees. While the statute does not mention recovery of non-taxable costs, the Ninth Circuit has said that, "even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees under section 1988."[3]

Arenberg relies upon the fact that the jury returned a $3,000 verdict in his favor on his 42 U.S.C. § 1983 claim against defendant Taylor for compensatory damages to

---

[3]*Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n. 7 (9th Cir. 1986).

establish that he prevailed. As noted by defendants, the claim against Taylor was based on different facts and a different theory than the claims against Ryan and Rowe. Accordingly, any award of fees should be limited to time spent on the claim against Taylor.[4]

**B. Attorney's Fees**

Analysis begins with determination of a reasonable hourly rate for Arenberg's lawyers. Ordinarily that would require the court to apply the relevant factors identified in *Kerr v. Screen Actors' Guild, Inc.*[5] However, as both parties recognize, the hourly rate in this case is capped at $112.50 by virtue of the Prison Litigation Reform Act ("PLRA") limitation on hourly rates in prisoner cases.[6]

The next step would ordinarily be determination of the number of hours reasonably expended by the prevailing party's lawyers. Mr. Haddous' affidavit indicates that 178.5 hours of time was spent on the claim against Taylor. However, the PLRA also affects this step of the analysis, because when the relief obtained is confined to a monetary award, the attorney's fees award is limited to 150% of the monetary award. Here, that works out to be $4,500 ($3,000 x 1.5 = $4,500). Given the capped hourly rate and the $4,500 limitation, the number of compensable hours is, in effect, limited to 40 hours ($4,500 divided by $112.50 per hour = 40 hours).

---

[4]*Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1933).

[5]526 F.2d 67, 69-70 (9th Cir. 1975).

[6]42 U.S.C. § 1997e (d)(3).

Defendants argue that the hours claimed are inadequately explained and that there are inconsistencies between the hours presented at docket 232 and those earlier presented at docket 214. Concerning the adequacy of the explanations provided, the court finds that the information contained in docket 232 and the attached itemization at docket 232-2 is in substantial compliance with Local Rule 54.2. While the format used by Arenberg's counsel is in narrative format rather than the invoice format often used, it does contain enough detail to allow assessment of the amounts claimed.

Turning to the inconsistency between docket 214 and docket 232, the court finds Arenberg's explanation in the reply at docket 235 to be credible. There it is explained that the summary at docket 214 was based only on Mr. Haddous' time, because his time alone was adequate to reach the $4,500 limit. The memorandum at docket 232 displays more time, because Mr. Chami's time is also included.

Defendants also contend that Arenberg is not entitled to an award of attorney's fees incurred after he rejected the offer of judgment on June 28, 2013. Even so, that does not alter the outcome, for Messrs. Chami and Haddous had invested well over 40 hours prior to that date.

Mr. Haddous' affidavit contends that the 178.5 hours claimed did not include "fees for time spent primarily or solely regarding the claims against Defendants Rowe and Ryan."[7] In general, the court accepts this characterization. But, there are specific instances in which the representation cannot be correct. To begin with, the court

---

[7] Doc. 232-3, ¶9.

agrees with defendants' contention regarding the time spent to prepare an objection to defense exhibits E and F:

> Plaintiff claims 2.5 hours for preparation of Plaintiff's objection to Defendant's proposed trial exhibits E & F. (Dkt. 232 at 6) Defendants' proposed exhibits E and F are contract cancellation documents (dkt. 161), which related to the dismissed claim against Defendant Ryan only. Defendant Taylor had no involvement with outside medical contracts.[8]

The court will deduct $281.25 ($112.50 capped rate x 2.5 hours) to adjust for this error by Arenberg's counsel.

The court is similarly persuaded that the 1.5 hours claimed for preparing a motion to strike Kristine Harkins from defendants' witness list was unrelated to Arenberg's claim against Taylor. Her testimony would have related to changes in Arenberg's housing, something with which Taylor had no connection. This results in a reduction of $168.75 ($112.50 x 1.5).

With respect to the 1.5 hours claimed in relation to motion practice concerning Exhibit 9, the court concludes that, because the purpose of the exhibit was to show the habits and routines of defendants Ryan and Rowe, this work was unrelated to the claim against Taylor. The result is a further reduction of $168.75.

These three adjustments total $618.75. They reduce the otherwise adequately supported request for a $4,500 award to $3,881.25 ($4,500 - $618.75).

**C. Non-taxable Costs**

The court now turns to the request for an award of $623.99 in non-taxable costs. The analysis is controlled by the Ninth Circuit's teaching that such costs may be

---

[8]Doc. 234 at p. 8.

awarded in a case of this type only if they are costs which would normally be charged to a fee-paying client by his counsel.[9]

The bulk of the non-taxable costs are associated with the February 2, 2013 trip Messrs. Haddous and Chami made from Scottsdale to Kingman to meet with Arenberg. This portion of the request includes $231.20 as "mileage" for the 409 mile round trip, $80.00 for gasoline for the trip, and $120 in food expense incurred on the trip. A fee-paying client would usually be billed for the expenses incurred on such a trip. However, the $231.20 claim for mileage is insufficiently supported. Moreover, under the ordinary understanding of "mileage" charges, gasoline would be included as part of the mileage charge. While the mileage charge must be denied for lack of sufficient information to allow its evaluation, the $80.00 claimed for gasoline expense on a 409-mile trip is supported by common sense and plainly reasonable. The $120 food expense requested is not supported. The absence of information sufficient to allow evaluation of the amount claimed dooms this request.

Arenberg also requests $51.00 for parking during the trial. While adequately supported, and an expense of a type for which a fee-paying client would be billed, this expense was incurred after Arenberg had rejected the offer of judgment. As noted above, the result of the trial was a recovery by Arenberg which was substantially less favorable than the offer of judgment. This request will be denied.

The remainder of the non-taxable expenses sought are for providing clothing for Arenberg to wear so that he need not appear in court in prison attire. This is not an

---

[9]*Chalmers*, 796 F.2d at 1216 n.7.

expense which would ordinarily be charged to a fee-paying client. Such clients can afford their own clothes. Even if this is a type of expense for which some leeway should be afforded, the fact is that in this case the jury necessarily knew that Arenberg had been incarcerated.

The non-taxable costs to be awarded are all based on the lawyers' trip to Kingman to meet with Arenberg. That meeting necessarily involved all of Arenberg's claims. The court therefore will allow only 1/3 of the costs set out above, for 2/3 of those costs are reasonably allocated to the claims against Rowe and Ryan. The adjustment lowers the $80 to $26.40.

**C. Single Payer**

As the parties have earlier recognized, the financial obligations associated with this litigation are all borne by the State of Arizona. Thus, it is appropriate to consolidate the financial results set out above. The total awarded to Arenberg is $3,908.05 ($3,881.25 + $26.80). The award to defendants is $609.65. This yields a net award to Arenberg of $3,298.40 ($3,908.05 - $609.65).

**D. Required Contribution by Arenberg**

By statute a portion of any award of attorney's fees (and here also non-taxable costs) must be paid by the plaintiff from the damages recovered.[10] The portion to be paid may not exceed 25% of the judgment. Here, the contingent fee contract between Arenberg and his lawyers contemplated payment of 35% of any recovery to counsel in

---

[10] 42 U.S.C. § 1997e (d)(2).

9

the event the case went to trial.[11]  Given that Arenberg agreed to pay more than 25% of the recovery to his lawyers, the court will reduce what defendants must pay by the 25% statutory maximum which is $750 ($3,000 damage award x .25).  This reduces the net award to Arenberg to $2,548.40 ($3,298.40 - $750).

## IV.  CONCLUSION

For the reasons set out above, the motion at docket 214 is **GRANTED** in part and **DENIED** in part, and the motion at docket 226, as amended at docket 227, is **GRANTED**.  The net result is that plaintiff Arenberg shall recover the sum of $2,548.40 in attorney's fees and non-taxable costs from defendants.  The Clerk of Court will please effectuate this decision by adding that sum to the judgment in Arenberg's favor against defendant Taylor.

DATED this 23rd  day of September 2013.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[11]Doc. 232-5 ¶3.